IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRAVIS LAMONT BELL,

                                                      OPINION AND ORDER

                Petitioner,

   v.

                                                      08-cv-92-bbc

DEPARTMENT OF COMMUNITY CORRECTIONS,
KRISTY ZANDER, PATRICK BRADY,
DISTRICT ATTORNEY'S OFFICE and
KEN HEIMERMAN,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action brought pursuant to 42 U.S.C. § 1983. Petitioner Travis Lamont Bell, a prisoner in the Marathon County jail in Wausau, Wisconsin, seeks leave to proceed in forma pauperis and has made his initial partial payment in accordance with 28 U.S.C. § 1915. Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

      A review of petitioner's complaint shows that he may not proceed under § 1983

1

because he is challenging the legality of his confinement. Petitioner contends that he is entitled to "immediate release" because of failures to provide process since he was arrested and placed on a probation hold in 2007. In such a case, petitioner must proceed under 28 U.S.C. § 2254, which allows a prisoner in state custody to petition a federal district court for release, but only after the prisoner has exhausted his remedies in state court. Although on its face § 1983 could be read to extend to all Constitutional violations, the Supreme Court held in Preiser v. Rodriquez, 411 U.S. 475, 488-90 (1973), that § 2254 should control because it is the more specific statute. Further, allowing prisoners to use § 1983 to obtain release from custody would contradict the intent of Congress in requiring the exhaustion of state remedies before seeking relief in federal court.

Therefore, if petitioner believes he is being held illegally, he must first seek relief in *state* court. Only after he has exhausted all his state court remedies may he file a petition for a writ of habeas corpus under § 2254.

ORDER

IT IS ORDERED that petitioner Travis Bell's complaint is DISMISSED because petitioner may not challenge the legality of his confinement in a lawsuit under 42 U.S.C. §

2

1983. The clerk of court is directed to close the case.

Entered this 2nd day of April, 2008.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge